# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| LISA K. GREEN, )<br>)<br>　Plaintiff, )<br>)<br>vs. )<br>)<br>MARK A. MULCHEK, *et al.*, )<br>)<br>　Defendants. ) | Case No. 1:24-cv-00004-MTS |

## MEMORANDUM AND ORDER

Pro se Plaintiff Lisa Green's case is before the Court on Defendant Mark Mulchek's Motion to Dismiss, Doc. [8], and Defendants Derek Birk and James Lewis's Joint Motion to Dismiss, Doc. [27]. *See* Fed. R. Civ. P. 12(b)(6). Because even a liberal construction of the Complaint reveals Plaintiff failed to state a claim upon which relief can be granted, the Court will grant Defendants' Motions and dismiss this action with prejudice. *See Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (providing that pro se pleadings "are to be given liberal construction"); *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010) (discussing the motion to dismiss for failure to state a claim standard).

\*　　\*　　\*

Plaintiff's Complaint repeatedly cites to provisions of the Single Family Mortgage Foreclosure Act of 1994, Pub. L. No. 103-327, 108 Stat. 2316 (codified as amended at 12 U.S.C. §§ 3751–3758) (hereinafter "SFMFA"). *See* Doc. [1] at 4, 7. She cites to no other federal law, and the Court cannot discern any other possible federal claim. *See*

*Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (explaining that even for a pro se plaintiff, the court "will not supply additional facts" nor "construct a legal theory for plaintiff that assumes facts that have not been pleaded")); *see also Davis v. Smith*, 638 F.2d 66, 69 (8th Cir. 1981) (Henley, J., dissenting) (opining that while courts should construe pro se pleadings "liberally in an effort to achieve substantial justice," courts "should not expand the case beyond fair articulation of [a litigant's] claim").

Plaintiff failed to state a claim under the SFMFA because "[t]he SFMFA only applies to foreclosure proceedings brought by or on behalf of the Secretary of Housing and Urban Development ('HUD')." *Turman v. Wells Fargo Bank, N.A.*, No. 16-6546, 2018 WL 1840199, at *2 (6th Cir. Mar. 21, 2018) (unpublished per curiam) (citing 12 U.S.C. § 3751(b) ("The purpose of this chapter is to create a uniform Federal foreclosure remedy for single family mortgages that . . . are held by the [HUD] Secretary . . . or secure loans obligated by the Secretary . . . .")). Plaintiff made no allegations that even suggest her foreclosure proceedings were instituted by the Secretary of Housing and Urban Development on property held by or subject to a loan guaranteed by the Secretary. Thus, because "[t]here is nothing to suggest that the property at issue [in] this case is such a property," Plaintiff's SFMFA claim necessarily fails. *See Behrens v. GMAC Mortg., LLC*, 8:13-cv-0072-JMG, 2013 WL 6118415, at *3 (D. Neb. Nov. 21, 2013), *aff'd sub*

*nom. Behrens ex rel. Behrens v. GMAC Mortg., LLC*, 566 F. App'x 546 (8th Cir. 2014) (per curiam).[1]

Because a liberal construction of Plaintiff's Complaint reveals she has stated no plausible federal claims, Defendants' Motions to Dismiss are well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Mark A. Mulchek's Motion to Dismiss, Doc. [8], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Derek Birk and James Lewis's Joint Motion to Dismiss, Doc. [27], is **GRANTED**.

The Court will enter herewith a separate Order of Dismissal dismissing this action with prejudice.

Dated this 7th day of May 2024.

						MATTHEW T. SCHELP
						UNITED STATES DISTRICT JUDGE

---

[1] As pleaded, Plaintiff's SFMFA claim is so lacking that it nearly fails even to raise a substantial federal question for jurisdictional purposes. *See Shapiro v. McManus*, 577 U.S. 39, 45–46 (2015) (discussing difference between failing to state a claim for relief on the merits and raising "wholly insubstantial and frivolous" claims that fail even to raise a substantial federal question).